# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARRYL A. WILLIAMS, JR.,**

        **Plaintiff,**

**v.**

**CIVIL ACTION**

**No: 11-2593-EFM/DJW**

**PITNEY BOWES MANAGEMENT SERVICES,**

        **Defendant.**

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

Pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3). Plaintiff requests permission to proceed with the case without the payment of fees and costs, including the $350 filing fee.[1] He has submitted an Affidavit of Financial Status in support thereof.

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee of $350.").

Based upon the Tenth Circuit's decision in *Lister v. Department of the Treasury*,[2] this Report and Recommendation regarding Plaintiff's motion is submitted to the District Judge..

28 U.S.C. § 1915(a) sets forth the circumstances under which an individual is allowed to bring proceedings *in forma pauperis*. That statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[3] The statute is intended to benefit those who are too poor to pay or give security for the costs of litigation.[4] Proceeding *in forma pauperis* in a civil case "is a privilege, not a right—fundamental or otherwise."[5]

The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the trial court.[6] This is especially true in civil cases for damages wherein the courts should grant the privilege "sparingly."[7] In denying such applications, however, a court must not act

---

[2] 408 F.3d 1309 (10th Cir. 2005). In *Lister,* the Tenth Circuit held that magistrate judges have no authority to enter an order denying *in forma pauperis* status because such a ruling is dispositive. *Id.* at 1311-12.

[3] 28 U.S.C. § 1915(a). The statute applies to all persons applying for *in forma pauperis* status, and not just prisoners. *Lister*, 408 F.3d at 1312 (citations omitted).

[4] *Zeller v. Astrue*, No. 08-4138-JAR, 2009 WL 902368, at *1 (D. Kan. Mar. 31, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

[5] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[6] *Lister,* 408 F.3d at 1312.

[7] *Phillips v. Humble*, No. 07-2452-JAR, 2008 WL 834161, at *1 ( D. Kan. Mar. 24, 2008); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) (citation omitted).

arbitrarily or deny the application on erroneous grounds.[8] In construing the application and supporting financial affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.[9]

Plaintiff's affidavit of financial status indicates that Plaintiff is currently employed as a team lead/mailroom supervisor and that his weekly net income is $800 or approximately $3,200 per month. Plaintiff's monthly household expenses total $1,822. In sum, Plaintiff is employed, with monthly income exceeding his monthly household expenses by approximately $1,378. Based on this information, the Court finds that Plaintiff has sufficient financial resources to pay the $350 filing fee.

## **RECOMMENDATION**

It is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied. Plaintiff should be ordered to prepay the full $350 filing fee within 30 days in order for this action to proceed. Failure to pay the filing fee by that time will result in the dismissal of this action without prejudice.

Respectfully submitted.

---

[8] *Lister*, 408 F.3d at 1213.

[9] *See, e.g., Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (adopting report and recommendation that motion be denied where plaintiff's net income exceeded his monthly expenses by more than $700); *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (denying motion where plaintiff and spouse had monthly net income of $2,000 and monthly expenses of $1715); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00"); *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *2 (D. Kan. Apr. 9, 1997) (denying motion where plaintiff had net monthly income of approximately $1,500 and monthly expenses of $1,115).

Dated in Kansas City, Kansas on this 9th day of November 2011.

s/ David J. Waxse<br>David J. Waxse<br>U.S. Magistrate Judge

cc: All counsel and *pro se* parties